IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WILLIAM JESSE SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> LANCE MILLER, ALENA WOLFORD, and MARK TREMMEL, <br><br> Defendants. | No. 21-CV-18-CJW-MAR <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court on plaintiff William Smith's pro se complaint filed under Title 42, United States Code, Section 1983. (Doc. 1-1).[1] In his complaint, plaintiff alleges defendants violated his rights when he was searched and arrested in 2013 and 2015. Plaintiff originally filed this case in Linn County District Court, in Cedar Rapids, Iowa and was granted the deferral of filing fees by the state court. (Doc. 1-4, at 1). Defendant Mark Tremmel (Tremmel) removed the case to this Court. (Doc. 1). Tremmel also filed a motion to dismiss. (Doc. 3).

## I. APPLICABILITY OF 28 U.S.C. §§ *1915 AND 1915A*

Plaintiff presumably filed this case in the Iowa state court to avoid the requirements of Title 28, United States Code, Sections 1914 and 1915. Under those sections, a plaintiff must pay a $350 filing fee required by Title 28, United States Code, Section 1914(a) and an additional $52.00 administrative fee required when filing civil actions. *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees, No. 14 ("Administrative fee for filing a

---

[1] To the extent plaintiff attempts to sue a federal employee, Mark Tremmel, for violations of his civil rights, that portion of the complaint would have to be brought under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As noted in the motion to dismiss (Doc. 3), however, the complaint does not actually make any allegation against Tremmel other than including him in the case caption.

civil action, suit, or proceeding in a district court, $52"). Moreover, for a court to authorize commencement of an action without prepayment of the filing fee, a plaintiff must submit an affidavit identifying all the plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1). In addition, an incarcerated plaintiff, such as the plaintiff in this case, must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* § 1915(a)(2). The prisoner-plaintiff would then be required to pay the filing fee over time, even if granted in forma pauperis status. The prisoner would also be subject, if applicable, to the three-strikes provision of Section 1915(g) and the initial review requirements of Section 1915(e)(2). By filing the case in state court, and allowing the defendant to remove the case, plaintiff has heretofore avoided those requirements.

So the question becomes if the Court must apply the more onerous requirements of Section 1915(a)(2), 1915(b), 1915(e)(2), 1915(f)(2), and 1915(g), that an in forma pauperis prisoner-plaintiffs are normally subject to when the prisoner-plaintiff's case has been removed to federal court. There is no clear answer to that question. *See Abreu v. Kooi*, No. 914CV1529GLSDJS, 2016 WL 4702274, at *3-5 (N.D.N.Y. Aug. 4, 2016), report and recommendation adopted, No. 914CV1529GLSDJS, 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016) (first noting that federal courts have taken a multitude of positions on how to handle removed prisoner-plaintiff Section 1983 cases, but ultimately finding that Section 1915(g) does not apply to a removed prisoner-plaintiff case); *see also Camps v. Scholtz*, No. CV 17-1895 (JBS-JS), 2017 WL 3736663, at *2 (D.N.J. Aug. 30, 2017) (stating, "[t]he Court's research revealed no precedential decision by a circuit court of appeals as to whether a 'three-strikes' plaintiff must comply with Section 1915(g), either by paying the filing fee or by being in imminent danger of serious physical injury at the time of filing, when the complaint was filed in state court but properly removed to federal court" and ultimately holding that Section 1915(g) did not apply to a

2

removed case). Subsequent to *Camps*, the Tenth Circuit did directly address this type of issue. *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017). In *Woodson*, the Tenth Circuit ruled the three-strikes bar does not apply to removed actions because Congress enacted Section 1915(g) "to deter prisoners from filing meritless lawsuits in <u>federal</u> court." *Id*. at 1307 (emphasis in original). That rationale is persuasive, and this Court agrees that the purpose of Section 1915 was to control the filing of in forma pauperis cases in federal court, not to cases removed to federal court. Accordingly, Section 1915 does not apply to this case.

The same cannot be said about Title 28, United States Code, Section 1915A. That section directs the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss said complaint if it is "frivolous, malicious, or fails to state a claim for which relief may be granted" or seeks monetary relief from an immune defendant. *Id*. Accordingly, the issue under Section 1915A is the nature of the case and the type of plaintiff bringing the case, not the forum where the case is originally brought. Because plaintiff in this case is a prisoner seeking redress from governmental employees, his complaint is subject to an initial review.

## II.    INITIAL REVIEW STANDARD

Courts must liberally construe a pro se complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Nevertheless, a court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915A(b).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, a court must weigh them in favor of the plaintiff. *See Denton v.*

3

*Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim on initial review, courts generally rely on the standards articulated under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2).) An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

#### A. Standard

Title 42, United States Code, Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Nevertheless, Title 42, United States Code, Section 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).

"One cannot go into court and claim a 'violation of [Section] 1983'—for [Section] 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means Section 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under Section 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Finally,

> *Bivens* claims and § 1983 claims are almost identical and involve the same analysis. *See Gordon*, 168 F.3d at 1113 ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." (citation omitted)); *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (recognizing that the § 1983 body of law applies to *Bivens* actions).

*Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015); *see also Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015) (applying excessive force standards in a *Bivens* action against the US Marshals Service).

### B. *Initial Review Analysis*

Plaintiff alleges that he was subject to false arrests and illegal searches between 2013 and 2015. Among other issues, plaintiff's claims are barred by the statute-of-limitations. Section 1983 claims are governed by the relevant state's personal injury

statute of limitations.[2] *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, this means Section 1983 actions are subject to a two-year statute-of-limitations. *See* IOWA CODE § 614.1(2). Plaintiff alleges that these events occurred on June 26, 2013, June, 28, 2013, and January 9, 2015. (Doc. 1-1 at 1-2). Plaintiff filed his complaint on January 11, 2021, which is approximately four years past the latest of the statute-of-limitations. Accordingly, plaintiff's claims are time barred and the Court must dismiss plaintiff's complaint.

## IV. CONCLUSION

For the reasons stated:

1. After conducting an initial review, plaintiff's complaint is **dismissed in its entirety** under Title 28, United States Code, Section 1915A because it is barred by the statute-of-limitations.

2. Defendant Tremmel's motion to dismiss (Doc. 3) is **denied as moot**.

**IT IS SO ORDERED** this 10th day of March, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[2] *Bivens* actions are governed by the same statute-of-limitations. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995).

6